FILED
APR 12 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

1  Anissa D Carson, *Sui Juris*
   1370 TRACTOR PASS
2  Schertz, Texas 78154
   (210) 725-7288
3
   IN THE UNITED STATES DISTRICT COURT
4  WESTERN DISTRICT OF TEXAS

   SA23CA0443 OG

   Anissa D Carson, *Sui Juris*
5                                          )   Case no: CV-_____
              Plaintiff,                   )
6        Vs.                               )
   John R McDevitt, *and/or his successor*,)   MOTION FOR ISSUANCE OF AN
7   individually, and in his official capacity as )
   CFO OF HOMELOAN SERVICE INC. OF         )   EMERGENCY TEMPORARY
8  BOISE, ID, *an ens legis being used to conceal* )
   *fraud*,                                    RESTRAINING ORDER TO STAY
9
   Troy Martin *and/or his successor*, individually, THE SALE OF REAL PROPERTY;
10 and in his official capacity as BONIAL &
   ASSOCIATES, P.C./ Troy Martin, Substitute   SEC SECURITY FRAUD (GSA
11 Trustee *an ens legis being used to conceal fraud*,
                                               BOND/POOLING AND SERVICING);
12
                                               IMPLIED COVENAT OF GOOD FAITH
13
                                               AND FAIR DEALING,   AND
14
   AND JOHN DOES (Investors) 1-10,000,         IMPOSITION OF PERMANENT
15        Et al,           Defendants.
                                               INJUNCTIVE RELIEF BARRING
16
                                               THE SALE OF THE REAL
17
                                               PROPERTY BY DEFENDANTS
18
19 _____            — JURY DEMAND —
20
21       Plaintiff Anissa D Carson *Sui Juris*, hereby respectfully submit this Motion for Issuance of an
22 Emergency Temporary Restraining Order and Imposition of Permanent Injunction Pursuant to Federal
23 Rules of Civil Procedure Rule 65 against Defendants to stay the sale of the real property in question.
24
25
26
27
28
                                            1

# COMPLAINT

## FOR WRONGFUL FORECLOSURE, DECLARATORY RELIEF AND JUDGEMENT, ASSIGNMENT AND TITLE FRAUD/SLANDER OF TITLE, VIOLATION OF DUTY OF GOOD FAITH AND FAIR DEALING, POOLING AND SERVICING AND SEC/GSA BOND FRAUD

1. Plaintiff Anissa D Carson (Plaintiff, Anissa) brings this action against the above – named Defendants for wrongful foreclosure, declaratory relief and judgment, assignment and title fraud/slander of title, violation of duty of good faith and fair dealing and makes claims for litigation fees and cost, as well SEC/ Security Fraud (GSA BONDS).

2. The above – named Defendants have continued to unlawfully and wrongfully foreclosure on her home located at 1370 TRACTOR PASS Schertz, Texas 78154. This property is owned by Anissa D Carson (Plaintiff). It has been her primary residence since May 29, 2019. It was auctioned on the Guadalupe County Steps on the second Tuesday of this month (April).

3. The Defendants fraudulent assignments create both patently and latently defective deeds, which slanders the title of any property foreclosed upon that relied upon an assignment with the fraudulent attestation causing the Plaintiff damages.

4. While purporting to have standing, the Defendants by initiating a foreclosure proceeding, actually slandered the Plaintiff's title, and in violation of Texas Code Section 51.002, the Defendant routinely refused and failed to proffer evidence to show that it has the capacity, standing, and or authority to:

    a. Accelerate Plaintiff Carson's Note;

    b. Exercise a Valid Power of Attorney to conduct a non-judicial foreclosure sale of the property.

    c. Advertise and notice a non-judicial foreclosure action;

    d. Modify any terms or conditions of the Plaintiff's Note;

    e. Collect any fees owed to the note's defined "Note Holder,"

    f. Release and satisfy the Plaintiff's Deed;

2

      g.  Cancel and return the Plaintiff's Note.

      h.  Foreclose on subject property.

There is a genuine issue of material fact as to whether the plaintiffs note was ever equitable and lawfully assigned to any party, let alone the defendant, and the invisible intervening owners and holders in the alleged securitization chain. Proper discovery is needed to clarify this.

This, combined with the time and expense of litigation to defend her home and reputation against multiple attempts that wrongful foreclosure at the hands of the defendant have been severe and substantial.

In addition to seeking compensatory, consequential, punitive and other damages, plaintiff seeks declaratory relief as to what (if any) party, entity or individual or group thereof is the owner of the promissory note executed at the time of the loan closing by plaintiff Carson, and whether the purported deed to secure debt ("Deed") secures any obligation of the plaintiff to any defendant, and if not, a final judgment granting defendant quiet title in the subject property and an unsecured note payable to its true owner. Plaintiff is now ready to counterclaim concerning the same transaction under Rule 13.

## I. INTRODUCTION

This matter arises out of Defendants' wrongful conduct with respect to the defrauding the Federal Government (Securities and Exchange Commission (SEC)) and its citizens out of "public recording" fees and fraudulent business practices. As a result of Defendants past and continuing wrongful conduct, the legally protected property rights of Plaintiffs have been and continue to be severally violated. Because Defendants wrongful conduct has resulted and continues to result in immediate and irreparable harm to Plaintiffs for which there is no adequate remedy at law, Plaintiffs now bring the instant Motion for Issuance of an Emergency Temporary Restraining Order and Imposition of Permanent Injunction Pursuant to Federal Rules of Civil Procedure Rule 65 ("Plaintiffs' Motion"). Plaintiff expressed in a legal document to the Defendants attorneys that she is very aware of (REMIC – REAL ESTATE MORTGAGE INVESTMENT CONTRACT), that she gave them security. Plaintiff advised that they (Bank) collapsed the trust and there's no corpus in the trust under probate law, And what they do is sold it as a mortgage-

backed security. Plaintiff indicated to Defendants attorney concerning its repeated violation of Bank Secrecy Act; 31 CFR 103.11 of the Code of Federal Regulations, Plaintiff asked for production. Defendants did not meet that burden.

## II.   STATEMENT OF FACTS

Plaintiff hereby incorporates by reference all facts set forth in Plaintiffs' Complaint and Plaintiffs' Motion, including all defined terms contained therein. Defendant has violated TEXAS TITLE 5 CHPT. 51 by repeatedly abusing the Powers of Sale and failing to exercise good faith and fair dealing by publishing that Plaintiff was in default, that her home was subject to public auction, and that the Defendants were or represented the verified secured creditor, when neither was /is true. TEXAS TITLE 5 CHPT. 51 states in part the "Powers of Sale in deeds of trust, mortgages, and other instruments **shall be strictly construed and shall be fairly exercised.** [emphasis added]

## III.   ARGUMENT

### A.   Standard Applicable to Grant Temporary Injunctive Relief

It is well settled within United States District Court that:

> To satisfy the injunction standard, the moving party must demonstrate the classic four elements: (1) a reasonable probability of success on the merits; (2) that denial of injunctive relief will result in irreparable harm; (3) that granting injunctive relief will not result in even greater harm to the nonmoving party; and (4) that granting injunctive relief will be in the public interest.
> See: *Saudi Basic Industry Corp. v. Exxon Corp.*, 364 F.3d 106, citing *Allegheny Energy, Inc. v. DQE, Inc.*, 171 F.3d 153, 158

Accordingly, where, as here, all four elements of injunctive relief are established by the moving party, injunctive relief is appropriate.

4

In sum, Plaintiff was never in default, as a matter of law, Plaintiff "Offered" a Pre-Settlement, that was "Accepted" by Defendants CFO for settlement and closure under public policy. Plaintiff is entitled to a discharge of the debt because she is the Principal. Plaintiff uses Rule 8 under FRCP. Plaintiff gave a conditional acceptance [UCC 3-502]. Plaintiff also requested their attorneys to present the note in order to demand payment. Defendant never presented the instrument; therefore, they did not make a presentment 16 CFR 433.2.

### B. Because Plaintiffs Have Established All Four Elements for the Grant of Injunctive Relief, a Temporary Restraining Order is Appropriate.

As to the first required element — likelihood of success on the merits of movant's claims - it is well settled that Plaintiffs must establish a reasonable probability of success on the merits, and not a certainty of success. *Oburn v. Shapp*, 521 F.2d. In the instant case, Plaintiffs' legally protected property rights are clear and unambiguous. It is also clearly evident that Defendants' conduct set forth in Plaintiffs' Complaint is wrongful and violates Plaintiffs' legally protected property rights. Accordingly, Plaintiffs' Complaint and Plaintiffs' Motion clearly establish a reasonable likelihood of success on the merits of Plaintiffs' claims.

With respect to the second element — the denial of injunctive relief will result in irreparable harm to Plaintiffs — it has been held that "in order to demonstrate irreparable harm, [Plaintiff] must demonstrate potential harm which cannot be addressed by a legal or equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Airfreight, Inc.*, 882 F.2d. It is well settled that the deprivation of a person's legally protected property right will result in irreparable harm. In the instant case, Defendants' wrongful conduct has severally invaded Plaintiffs' legally protected property rights. Moreover, the harm resulting from Defendants' wrongful conduct is continuing, making any assessment of monetary damages even more uncertain and difficult. Accordingly, Plaintiffs' Complaint clearly

5

establishes that a denial of injunctive relief will result in immediate and continuing irreparable harm to Plaintiffs.

The third and fourth elements necessary for injunctive relief — that the granting of injunctive relief will not result in even greater harm to the nonmoving party, and that the grant of injunctive relief is in the public interest — are also clearly established in Plaintiffs' Complaint. No harm will result to Defendants should injunctive relief be granted. Conversely, immediate, and irreparable harm will result to Plaintiffs should injunctive relief be denied. Accordingly, Plaintiff has clearly satisfied the third element. The same is also true with respect to the fourth element in that it is clearly within the public interest that the legally protected property rights of Plaintiffs be protected.

It is also in the public's interest that the TRO be granted to allow Plaintiff to properly prepare for the civil case as Plaintiff has spent several months studying and collecting evidence that will prove conclusively that:

**Defendants have defrauded the United States Federal Government, Texas taxpayers, Texas body politic, Texas citizens, and Texas government, *et al.* out of Texas rightfully due 'public' recording fees in an unlawful attempt to unjustly enrich Defendants at the cost and expense of Texas, Texas taxpayers, Texas body politic, Texas citizens, and Texas government, *et al.***

## IV. CONCLUSION

**WHEREFORE**, Plaintiffs' Motion and Complaint satisfies each and every element necessary for the grant of injunctive relief, Plaintiffs' Motion for Issuance of an Emergency Temporary Restraining Order and Imposition of Permanent Injunction should be granted. That the commenced wrongful foreclosure be heard. That the Court hears and grant Declaratory Judgment which states Defendants had and have no legal standing or the proper legal or equitable interest in either the Note AND Security Deed to institute or maintain a foreclosure; That the Court determine and rule on the lawful chain of title to the

Plaintiff's note so as to determine each lawful transfer and who the current holder in due course of the Plaintiff's note is, if any;

RESPECTFULLY SUBMITTED: This ____ day of April, in the year, of our Lord, 2023.

BY: _____, agent
Anissa D Carson, *Sui Juris*
Signed reserving all my rights at UCC 1-308

## CERTIFICATE OF SERVICE

ORIGINAL and ONE COPY delivered to United States District Court Western Division this  12  th day of April, 2023.

I HEREBY CERTIFY that a true and correct copy of the above MOTION has been furnished by certified U.S. Mail on this  12 th day of April, 2023 to:

**BONIAL & ASSOCIATES, P.C.** *and/or his successor,*
individually, and in his official capacity as /
Troy Martin, Substitute Trustee an
*ens legis being used to conceal fraud,*

**John R McDevitt,** *and/or his successor,*
individually, and in his official capacity as
**CFO OF HOMELOAN SERVICE INC. OF BOISE, ID,**
*an ens legis being used to conceal fraud*

BY: _____, agent
Anissa D Carson, *Sui Juris*
Signed reserving all my rights at UCC 1-308

(Remainder of page blank)

7