IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANISSA D. CARSON, SUI JURIS; | § § § | |
| *Plaintiff,* | § § § | SA-23-CV-00443-OLG |
| vs. | § § § | |
| JOHN R. MCDEVITT, AND/OR HIS SUCCESSOR, INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY AS CFO OF HOMELOAN SERVICE, INC. OF BOISE, ID, AN ENS LEGIS BEING USED TO CONCEAL FRAUD; TROY MARTIN, AND OR HIS SUCCESSOR, INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY AS BONIAL & ASSOCIATION, P.C./TROY MARTIN, SUBSTITUTE TRUSTEE, AN ENS LEGIS BEING USED TO CONCEAL FRAUD; AND JOHN DOES (INVESTORS) 1-10,000, ET AL., | § § § § § § § § § § § § § § § § | |
| *Defendants.* | § | |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Personal Jurisdiction, Insufficient Service of Process, and Failure to State a Claim upon which Relief Can Be Granted [#5]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#4]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendant's motion be **granted.**

1

## I. Background

Plaintiff Anissa D. Carson, proceeding *pro se*, filed this case on April 12, 2023, requesting the issuance of a temporary restraining order to stay the sale of real property located at 1370 Tractor Pass, Schertz, Texas, 78154, based on allegations of wrongful foreclosure and other state-law causes of action. Named as Defendants are John R. McDevitt in his official capacity as CFO of Homeloan Service Inc. of Boise, Idaho; Troy Martin, in his official capacity as Bonial & Associates, P.C., as Substitute Trustee; and John Does 1-10,000. After the District Court denied Plaintiff's motion for a temporary restraining order, Defendant Bonial & Associates (on behalf of all Defendants), moved for dismissal pursuant to Rule 12 of the Federal Rules of Civil Procedure. The motion seeks dismissal for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted.

Pursuant to this Court's Local Rules, any response in opposition to the motion was due on or before June 1, 2023. *See* W.D. Tex. Loc. R. CV-7(d) (responses to dispositive motions due within 14 days of motion's filing). To date, Plaintiff has not filed any response to the motion. If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed. *See id.* The undersigned will, however, address the substance of the motion, as it seeks dismissal of all of Plaintiff's claims for lack of jurisdiction and other legal defects.

## II. Legal Standard

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The burden of proof for

a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, a court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Ramming*, 281 F.3d at 161. This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Id.* The court's dismissal of a plaintiff's case because the plaintiff lacks subject-matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. *Id.*

### III. Analysis

Defendant argues this Court lacks subject matter jurisdiction over Plaintiff's case. The undersigned agrees that Plaintiff has not established either federal question or diversity jurisdiction over Plaintiff's claims. Defendant's motion should be granted and this case dismissed for lack of jurisdiction.

Federal courts like this one are courts of limited jurisdiction. This Court only has jurisdiction and authority to entertain cases that either (a) raise a federal question (involve claims arising under the United States Constitution or a federal statute) or (b) fall under the Court's diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. For the Court to have jurisdiction over a state-law claim under the Court's diversity jurisdiction, the matter in controversy must exceed $75,000 and be between citizens of different states. *Id.* at § 1332(a).

Defendant argues in its motion that both Plaintiff and Defendant Troy Martin are Texas citizens and that any number of the 10,000 John Does named in the Complaint could also be citizens of Texas. As explained above, Plaintiff bears the burden to prove this Court's subject matter jurisdiction, including to establish complete diversity of citizenship among the parties for purposes of diversity jurisdiction. Plaintiff has not pleaded sufficient jurisdictional facts related to the parties' citizenship in her Complaint, and she has not filed a response in opposition to Defendant's motion addressing diversity jurisdiction. Thus, Plaintiff has not met her burden to demonstrate diversity of citizenship among the parties for purposes of establishing jurisdiction under 28 U.S.C. § 1332.

Plaintiff has also not met her burden to establish that there is federal question jurisdiction over this case. The causes of action referenced in Plaintiff's Complaint are wrongful foreclosure, fraud/slander of title, violation of the duty of good faith and fair dealing, and fraud. All of these causes of action arise under state law. Although the Complaint references a violation of the Bank Secrecy Act and Securities Exchange Commission regulations, Plaintiff's Complaint does not identify any specific provisions of these laws raising a plausible federal cause of action. Nor has Plaintiff responded to Defendant's motion to clarify whether she is intending to advance federal causes of action in her pleadings and, if so, what they are.

In summary, Plaintiff has not carried her burden to establish this Court has subject matter jurisdiction over her claims. Nor has she responded to Defendant's motion in an attempt to do so. The Court will therefore recommend dismissal of Plaintiff's Complaint for lack of subject matter jurisdiction.

Because Plaintiff has not established this Court's subject matter jurisdiction, the undersigned has not addressed Defendant's other arguments for dismissal—lack of personal

jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted.

## IV.  Conclusion and Recommendation

Having considered Defendant's motion, the pleadings, the governing law, and the lack of any response to Defendant's motion by Plaintiff, the undersigned recommends that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Personal Jurisdiction, Insufficient Service of Process, and Failure to State a Claim upon which Relief Can Be Granted [#5] be **GRANTED** and Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction.

## V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Objections are limited to no more than 20 pages unless leave of court is granted.  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file

timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED.**

SIGNED this 27th day of June, 2023.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE